FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
APR 28 2026
11:14 a.m.
Margaret Botkins, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

BRIERLEY ASSOCIATES CORPORATION,
a Colorado corporation,
Plaintiff

Vs. Civil Action No. 26-CV-116-ABJ

WORLD EARTH MINERALS INC.,
Aka RC MINERAL & ROCK LLC, a
Wyoming corporation; IRVIN JOHNSON,
an individual; and JAMES HEALEY, an
Individual
Defendants

**DEFENDANT IRVIN JOHNSON'S ANSWER**

Defendant Irvin Johnson ("Mr. Johnson"), answers the Complaint of Plaintiff Brierley Associates Corporation ("Plaintiff") as follows. Each paragraph of the Complaint is responded to by corresponding number. To the extent any allegation is not expressly admitted, it is denied.

GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Mr. Johnson denies each and every allegation in the Complaint not expressly admitted herein.

PARTIES, JURISDICTION, AND VENUE

1. Mr. Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.
2. Mr. Johnson admits that World Earth Minerals, Inc. is an Iowa corporation and denies any remaining allegations in Paragraph 2 to the extent they require a response.
3. Mr. Johnson admits only that the Complaint identifies Mr. Johnson as an individual. Mr. Johnson denies any remaining allegations in paragraph 3 and specifically denies any characterization that is not admitted herein.
4. Mr. Johnson admits that he is a resident of Iowa.
5. Mr. Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Mr. Johnson denies the allegations in paragraph 6 and specifically denies that subject-matter jurisdiction has been established, including the assertion of complete diversity.
7. Mr. Johnson denies the allegations in paragraph 7 to the extent they assert facts or legal conclusions against Mr. Johnson; Mr. Johnson lacks knowledge or information sufficient to form a belief as to allegations concerning any written contract between Plaintiff and any other Defendant and therefore denies them.
8. Mr. Johnson denies the allegations in paragraph 8 as to Mr. Johnson and lacks knowledge or information sufficient to form a belief as to allegations concerning Plaintiff's performance and delivery of services and therefore denies them.
9. Mr. Johnson denies the allegations in paragraph 9 as to Mr. Johnson and lacks knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.
10. Mr. Johnson denies the allegations in paragraph 10 as to Mr. Johnson and lacks knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.
11. Mr. Johnson denies the allegations in paragraph 11 regarding any contract applicable to Mr. Johnson and lacks knowledge or information sufficient to form a belief about any choice-of-law provision in any contract between Plaintiff and any other Defendant and therefore denies them.
12. Mr. Johnson denies the allegations in paragraph 12 regarding venue. The Complaint alleges venue is proper in this Court under 28 U.S.C. §1391

THE CONTRACT

13. Mr. Johnson admits only that there is a contract between Brierley Associates INC and World Earth Minerals, INC, and lacks knowledge or information to form a belief as to the allegations in paragraph 13 and therefore denies them.
14. Mr. Johnson lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 and therefore denies them.
15. Mr. Johnson denies the allegations in paragraph 15 as to Mr. Johnson and lacks knowledge or information sufficient to form a belief as to any remaining allegations and therefore denies them.
16. Mr. Johnson denies the allegations in paragraph 16.
17. Mr. Johnson denies the allegations in paragraph 17.

THE COMPLEX COMBINATIONS OF THE DEFENDANTS

18. Mr. Johnson lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 and therefore denies them.
19. Mr. Johnson lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 and therefore denies them.
20. Mr. Johnson denies the allegations in paragraph 20.
21. Mr. Johnson denies the allegations in paragraph 21.

22. Mr. Johnson denies the allegations in paragraph 22.
23. Mr. Johnson denies the allegations in paragraph 23.
24. Mr. Johnson denies the allegations in paragraph 24.
25. Mr. Johnson denies the allegations in paragraph 25.
26. Mr. Johnson denies the allegations in paragraph 26.
27. Mr. Johnson denies the allegations in paragraph 27.
28. Mr. Johnson denies the allegations in paragraph 28, including the assertion of any lien, pledge, or first-priority interest in real property or mineral rights as to Mr. Johnson.
29. Mr. Johnson denies the allegations in paragraph 29 as to Mr. Johnson and lacks sufficient knowledge or information to form a belief regarding the content of any contract to which he is not a party and 1therefore denies them.
30. Mr. Johnson denies the allegations in paragraph 30.

PRAYER FOR RELIEF

31. Mr. Johnson denies that Plaintiff is entitled to any of the relief requested in the Complaint, including but not limited to any money judgment, attorneys' fees, costs, or other relief. The Complaint's prayer seeks (a) a money judgment above the jurisdictional requirements for amounts unpaid and owing under the contract; (b) a money judgment for legal fees and costs; and (c) all such other and further relief as may be just and proper

AFFIRMATIVE DEFENSES

1. Without assuming any burden that would otherwise rest with Plaintiff, Mr. Johnson asserts the following affirmative defenses. Mr. Johnson reserves the right to amend or supplement these defenses as discovery proceeds.
2. First Affirmative Defense (Failure to State a Claim) The Complaint fails to state a claim upon which relief can be granted against Mr. Johnson.
3. Second Affirmative Defense (Lack of Privity/No Contract with Mr. Johnson) Plaintiff's claims against Mr. Johnson are barred, in whole or in part, because Mr. Johnson was not a party to any alleged contract with Plaintiff, and there is no privity of contract between Plaintiff and Mr. Johnson. The Complaint alleges a written contract only between Brierley Associates Corporation and World Earth Minerals, Inc.
4. Third Affirmative Defense (Lack of Personal Jurisdiction and Improper Venue) The Court lacks personal jurisdiction over Mr. Johnson and/or venue is improper as to Mr. Johnson.
5. Fourth Affirmative Defense (Failure of Consideration/Performance) Plaintiff's claims are barred, in whole or in part, by failure of consideration and/or failure to substantially perform any alleged obligations as to Mr. Johnson.

6. Fifth Affirmative Defense (Payment/Setoff/Recoupment) To the extent applicable, Plaintiff's claims are barred, in whole or in part, by payment, setoff, and/or recoupment.
Sixth Affirmative Defense (Statute of Frauds/No Enforceable Obligation Against Mr. Healey) Any attempt to impose contractual liability on Mr. Johnson is barred by the statute of frauds and the absence of a signed writing by Mr. Johnson.
7. Seventh Affirmative Defense (No Agency, Alter Ego, or Joint Enterprise) Plaintiff's theories of agency, alter ego, commingling, and joint enterprise are unfounded in fact or law and cannot impose liability on Mr. Johnson for obligations, if any, of others. The Complaint seeks to impose liability on Mr. Johnson based on allegations of alter ego, agency, commingling, and joint enterprise among all Defendants.
8. Eighth Affirmative Defense (Unjust Enrichment/Quasi-Contract Bar) If Plaintiff seeks quasi-contract or equitable relief against Mr. Johnson, such claims are barred where an express contract with another party is alleged to govern the subject matter. The Complaint alleges an express written contract between Plaintiff and World Earth Minerals, Inc. governing the services at issue.
9. Ninth Affirmative Defense (Attorneys' Fees Not Recoverable Against Mr. Healey) Plaintiff is not entitled to attorneys' fees or costs from Mr. Johnson absent a contractual or statutory basis applicable to Mr. Johnson, which is denied. The Complaint alleges a contractual entitlement to attorneys' fees and costs arising from the purported contract.
10. Tenth Affirmative Defense (Lien/Pledge/Priority Interest Unavailable Against Mr. Healey) Plaintiff's demand for any lien, pledge, or first-priority interest against real property or mineral rights associated with Mr. Johnson fails as a matter of law and fact. The Complaint asserts Plaintiff's rights constitute a lien, pledge, and first priority interest in the Fremont County real estate and mineral rights.
11. Eleventh Affirmative Defense (Laches, Waiver, and Estoppel) Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.
12. Twelfth Affirmative Defense (Mitigation of Damages) Plaintiff failed to mitigate its alleged damages, if any.
13. Thirteenth Affirmative Defense (Lack of Causation) Any alleged damages were not caused by Mr. Johnson.
14. Fourteenth Affirmative Defense (Comparative/Intervening Fault of Others) Any alleged damages are attributable to the conduct of persons or entities other than Mr. Johnson, including other Defendants and/or Plaintiff.
15. Fifteenth Affirmative Defense (Punitive/Extra-Contractual Damages Bar) To the extent Plaintiff seeks extra-contractual or punitive-type remedies against Mr. Johnson, such remedies are not recoverable.
RESERVATION

Mr. Johnson reserves the right to assert additional defenses and counterclaims as may be appropriate after investigation and discovery.

PRAYER

WHEREFORE, Mr. Johnson respectfully requests that the Court:
(a) dismiss the Complaint with prejudice as against Mr. Johnson;
(b) award Mr. Johnson his costs of suit; and (c) grant such other and further relief as the Court deems just and proper.

JURY DEMAND

Mr. Johnson demands a trial by jury on all issues so triable.

DATED: 2026-04-16

Respectfully submitted,

Irvin Johnson
191 Durango RD
Durango IA, 52039